UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>                Plaintiff<br><br>v.<br><br>MARIE McDONNELL, and<br><br>McDONNELL ANALYTICS, INC.,<br><br>                Defendants. | Civil Action |

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Jurisdiction and Venue

This is an Action for copyright infringement and damages under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq*. Plaintiff alleges that Defendants, Marie McDonnell and McDonnell Analytics, Inc. reproduced and used a copyright protected aerial photograph that is owned and registered to the Plaintiff, without Plaintiff's permission or authority.

Plaintiff is also seeking damages against Defendants under the Digital Millennium Copyright Act ("DMCA") for altering, obliterating or removing Plaintiff's copyright management information ("CMI") from said photograph and/or from the metadata to said photograph and displaying and/or distributing said photograph with the CMI removed in violation of 17 U.S.C. §§1202.

Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1338(a) and proper venue exists under 28 U.S.C. §1400(a).

## The Parties

1.  Plaintiff, DAVID GORDON OPPENHEIMER, (hereinafter, "Oppenheimer" or "Plaintiff") is a professional photographer who has a principal address of P.O. Box 8105, Asheville, North Carolina  28814.

2.  Defendant, MARIE McDONNELL is an individual residing at 15 Cape Lane, Brewster, Barnstable County, Massachusetts 02631.  Marie McDonnell is hereinafter referred to as "McDonnell."

3.  Defendant, McDonnell Analytics, Inc. is a Massachusetts corporation duly organized under Massachusetts law having a principal place of business at 15 Cape Lane, Brewster, Barnstable County, Massachusetts 02631.  McDonnell Analytics, Inc. conducts business under its own name as well as under the name "McDonnell Property Analytics." McDonnell Analytics, Inc. and McDonnell Property Analytics are referred to herein collectively as "McDonnell Analytics."

## Introductory Facts

4.  Oppenheimer is the author and copyright claimant of a photograph of the John Adams Courthouse in Boston, Massachusetts (hereinafter, the "Photograph").  A copy of the Photograph is attached hereto as "Exhibit A" and is incorporated herein by reference.

5.  The Photograph was registered with the U.S. Copyright Office under the title, "*Travel Aerial and Event Photographs taken in 2018 by David Oppenheimer.*"  The registration, with an effective date of October 21, 2019, was assigned registration number VAu 1-373-056. The individual Photograph is identified in said registration by its contents title,

"*John_Adams_Courthouse_building_Boston_5556.jpg*" and is identified as such on page 2 of the registration certificate.  A copy of the copyright registration certificate is attached hereto as "Exhibit B" and is incorporated herein by reference.

Count I
(Copyright Infringement against McDonnell)
1.

6. Upon information and belief, McDonnell and/or her agents, servants or employees copied the Photograph without Plaintiff's permission or authority, and distributed and displayed the Photograph on a website known as "McDonnell Analytics."  One of McDonnell's infringing uses of the Photograph is shown in "Exhibit C" which attached hereto, and is incorporated herein by reference.

7. McDonnell and/or her agents, servants or employees have infringed Oppenheimer's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph within the United States without the permission or authority of Oppenheimer in violation of 17 U.S.C. § 106.

8. Upon information and belief, McDonnell has benefitted from the unauthorized use and infringement of the Photograph, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace.

9. As a result of the actions of McDonnell and/or her agents, servants or employees, Oppenheimer is entitled to injunctive relief, plus his actual damages and any profits earned by McDonnell that are attributable to the infringement.  Oppenheimer reserves his right to elect an award of actual damages and any profits earned by McDonnell that are attributable to the infringement, or alternatively may elect for the court to issue an award of statutory damages in an amount ranging from $750 and up to $30,000.  However, if this court finds that McDonnell

committed the infringement willfully, Oppenheimer may elect to seek an award of statutory damages in a sum up to $150,000.  In either event, Oppenheimer is seeking his attorney's fees and costs under 17 U.S.C. § 505 as part of his damages.

Count II
(Violation by McDonnell of the Digital Millennium Copyright Act)

10. Oppenheimer re-alleges and incorporates paragraphs 1 through 9 above as if all of said paragraphs were restated herein in their entirety.

11. As is his pattern and practice, Plaintiff clearly marked the Photograph that he published with his copyright management information ("CMI") on the face of the image itself, as well as embedded as metadata in or near the Photograph, and/or in adjacent captions. Oppenheimer's CMI on the Photograph contains a legible copyright notice, as does the CMI in the metadata for the Photograph.  Oppenheimer does this to distinguish his photographs from the works of others in his field, and to provide a way for potential licensees to contact him for purchasing licenses to use his photographs and to ensure that anyone who merely views his images appreciates that Oppenheimer owns all rights to his photographs including the copyrights.

12. Upon information and belief, McDonnell, her agents, servants, or employees, willfully disregarded Oppenheimer's CMI in, on and around the Photograph, and in violation of the Digital Millennium Copyright Act ("DMCA") altered, obscured, and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph and displayed and/or distributed the Photograph on the McDonnell Analytics website without Plaintiff's permission in violation of 17 U.S.C. §1202.

13. As a result thereof, Oppenheimer has been damaged and under 17 U.S.C. §1203, he is entitled to his actual damages, plus any profits of McDonnell, her agents, servants, or

employees, that are attributable to their violations of the DMCA that are not taken into account in computing actual damages.  However, Plaintiff waives his right to actual and profit damages for each DMCA violation, and in lieu thereof, requests that the court award statutory damages in a sum not less than $2,500 nor more than $25,000 for each violation of each subsection of 17 U.S.C. §1202.

Count III
(Copyright Infringement against McDonnell Analytics)
2.

14.	Oppenheimer re-alleges and incorporates paragraphs 1 through 5 above as if all of said paragraphs were restated herein in their entirety.

15.	Upon information and belief, McDonnell Analytics and/or its agents, servants or employees copied the Photograph without Plaintiff's permission or authority, and distributed and displayed the Photograph on a website known as "McDonnell Analytics."  One of the infringing uses of the Photograph by McDonnell Analytics is shown in "Exhibit C" which attached hereto, and is incorporated herein by reference.

16.	McDonnell Analytics and/or its agents, servants or employees have infringed Oppenheimer's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph within the United States without the permission or authority of Oppenheimer in violation of 17 U.S.C. § 106.

17.	Upon information and belief, McDonnell Analytics has benefitted from the unauthorized use and infringement of the Photograph, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace.

18.	As a result of the actions of McDonnell Analytics and/or its agents, servants or

employees, Oppenheimer is entitled to injunctive relief, plus his actual damages and any profits earned by McDonnell Analytics that are attributable to the infringement.  Oppenheimer reserves his right to elect an award of actual damages and any profits earned by McDonnell Analytics that are attributable to the infringement, or alternatively may elect for the court to issue an award of statutory damages in an amount ranging from $750 and up to $30,000.  However, if this court finds that McDonnell Analytics committed the infringement willfully, Oppenheimer may elect to seek an award of statutory damages in a sum up to $150,000.  In either event, Oppenheimer is seeking his attorney's fees and costs under 17 U.S.C. § 505 as part of his damages.

Count IV
(Violation of the Digital Millennium Copyright Act by McDonnell Analytics)

19.     Oppenheimer re-alleges and incorporates paragraphs 1 through 5 above as if all of said paragraphs were restated herein in their entirety.

20.     As is his pattern and practice, Plaintiff clearly marked the Photograph that he published with his copyright management information ("CMI") on the face of the image itself, as well as embedded as metadata in or near the Photograph, and/or in adjacent captions. Oppenheimer's CMI on the Photograph contains a legible copyright notice, as does the CMI in the metadata for the Photograph.  Oppenheimer does this to distinguish his photographs from the works of others in his field, and to provide a way for potential licensees to contact him for purchasing licenses to use his photographs and to ensure that anyone who merely views his images appreciates that Oppenheimer owns all rights to his photographs including the copyrights.

21.     Upon information and belief, McDonnell Analytics, its agents, servants, or employees, willfully disregarded Oppenheimer's CMI in, on and around the Photograph, and in

violation of the Digital Millennium Copyright Act ("DMCA") altered, obscured, and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph and displayed and/or distributed the Photograph on the McDonnell Analytics website without Plaintiff's permission in violation of 17 U.S.C. §1202.

22. As a result thereof, Oppenheimer has been damaged and under 17 U.S.C. §1203, he is entitled to his actual damages, plus any profits of McDonnell Analytics, its agents, servants, or employees, that are attributable to their violations of the DMCA that are not taken into account in computing actual damages. However, Plaintiff waives his right to actual and profit damages for each DMCA violation, and in lieu thereof, requests that the court award statutory damages in a sum not less than $2,500 nor more than $25,000 for each violation of each subsection of 17 U.S.C. §1202.

## Count V
### (Vicarious Liability against McDonnell)

23. Oppenheimer re-alleges and incorporates herein paragraphs 1 through 22 above as if all of said paragraphs were restated herein in their entirety.

24. McDonnell is vicariously liable for the infringement of the copyright to the Photograph by McDonnell Analytics, and for violation of the DMCA, because at all times material hereto, McDonnell was the sole officer and principal of McDonnell Analytics, as well as the person in charge of its business, and she had a direct financial interest in McDonnell Analytics and its activities, and had the right and ability to supervise the activities of McDonnell Analytics including the activities of its agents, servants and employees.

25 As a result, McDonnell is jointly and severally liable along with McDonnell Analytics for the infringement of Oppenheimer's copyright to the Photograph, and for damages,

costs and attorney's fees under 17 U.S.C. § 504 and § 505, and for violation of the DMCA and for damages thereunder.

WHEREFORE, Plaintiff, DAVID OPPENHEIMER demands judgment against Defendants, Marie McDonnell and McDonnell Analytics, Inc., jointly and severally as follows:

a)  That Defendants be required to deliver up for impoundment the originals and all copies of the Photograph in all forms whatsoever, which are in their possession or under their control, including all printed copies and all copies in magnetic, electronic and digital format, as well as all copies posted or displayed on any of Defendants' websites and social media pages, and that Defendants be permanently enjoined from using said Photograph in the future in any way whatsoever.

b)  That Defendants be required to pay to Oppenheimer such actual damages as he has sustained in consequence of the unauthorized use and infringement of Oppenheimer's copyright to the Photograph, and to account for all gains, profits and advantages derived by Defendants from their use and infringement of the Photograph;

c)  In lieu of Plaintiff's actual damages and the profits earned by Defendants, that Defendants be required to pay to Plaintiff such Statutory Damages as to the Court shall appear just within the provisions of the Copyright Act in a sum not less than $750 nor more than $30,000, or if the Court finds that the infringements were committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Copyright Act in a sum up to and including $150,000;

d)  That Defendants be required to pay to Oppenheimer such statutory damages in a sum not less than $2,500 nor more than $25,000 for each violation of each subsection of the DMCA.

e) That Defendants pay Plaintiff his costs together with reasonable attorney's fees in an amount to be determined by this Court; and

f) That Plaintiff have such other and further relief as is deemed to be just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY**

David Gordon Oppenheimer,
By his attorney,

*/s/ Andrew D. Epstein*

Date: August 21, 2024  _____

Andrew D. Epstein (BBO#155140)
Barker, Epstein & Loscocco
Office Address: 176 Federal Street
Boston, MA  02110
Direct Tel: (617) 272-5700
Email:  photolaw@aol.com

Mailing Address:
99 Rockland Street
Swampscott, MA  01907